NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――――
                                            :
ANA M. SANCHEZ,                             :
                                            :
          Plaintiff,                        :
                                            :
                                            :   Civil Case No. 05-4918 (FSH)
     v.                                     :
                                            :   **OPINION**
                                            :
JO ANNE B. BARNHART,                        :
Commissioner of Social Security,            :   Date: August 9, 2006
                                            :
          Defendant.                        :
―――――――――――――――――――――――:

**HOCHBERG, District Judge:**

This matter comes before the Court upon Plaintiff's motion to review a final determination of the Commissioner of Health and Human Services ("Commissioner"), pursuant to Section 205(g) of the Social Security Act, as amended ("Act"), 42 U.S.C.A. § 405(g). The motion has been decided upon the written submissions of the parties pursuant to Fed. R. Civ. P. 78.

**I.      Background.**

Plaintiff alleges that she became disabled on June 1, 1995. Plaintiff's chief complaint is impairment of the right leg. Plaintiff previously worked as a home attendant. On November 1, 2002, Plaintiff filed an application for SSI benefits. Plaintiff's claim for SSI benefits were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 13, 2004.

On October 13, 2004, Plaintiff appeared before ALJ Michal L. Lissek.  Plaintiff appeared with the aid of a Spanish language interpreter.  Plaintiff was unrepresented at this hearing, and the ALJ discussed with Plaintiff her right to have representation if she so desired.  (Tr. 110).  The ALJ went on to notify Plaintiff that if she did not want to proceed without representation, the hearing would be adjourned so Plaintiff would be able to obtain a representative.  (Tr. 111).  The ALJ also went over the basic procedure for an appeal should claimant wish to appeal the ALJ's decision.  (Tr. 111).  Plaintiff stated that she wished to proceed without representation.  (Tr. 111).

The ALJ considered the medical evidence from a November 2002 State agency medical consultant's exam by Dr. Stephen Rocker.[1]  Dr. Rocker observed that Plaintiff used a cane and had a subjective limp, but was able to ambulate without the cane.  (Tr. 81).  Dr. Rocker noted that Plaintiff's station was normal, and that all of Plaintiff's joints had a full range of motion without deformities.  (Tr. 81).  In addition, Dr. Rocker noted that Plaintiff never received physical therapy.  (Tr. 80).  Dr. Rocker determined that Plaintiff is able to perform sedentary, light and moderate work activities.  (Tr. 81).  Likewise, a January 2003 State agency medical consultant's assessment indicated that Plaintiff's residual functional capacity ("RFC") was equivalent to a full range of medium work.  (Tr. 82-7).

The ALJ also considered the medical evidence from a February 2003 treatment records from Harlem Hospital Center, which indicate that Plaintiff complained of right ankle pain secondary to twisting it eight months prior.  (Tr. 99-107).  The attendant noted that Plaintiff's ankle was slightly swollen, with no tenderness and a full range of motion.  (105-6).  X-rays found

---

[1] State agency medical consultants are qualified experts in the field of Social Security disability, and an ALJ is entitled to rely upon their opinions in issuing decisions.  20 C.F.R. §§ 404.1512(b)(6) and 416.912(b)(6).

no evidence of fracture or dislocation. (Tr. 107). Plaintiff was diagnosed with a post-traumatic ankle injury, and was discharged with a prescription of Naprosyn. (Tr. 105). The ALJ also considered a March 2003 MRI of Plaintiff's right foot, which indicated a large area of marrow edema and a bone bruise suggesting a prior fracture. (Tr. 90). However, the ALJ noted that the MRI revealed no new functional problems. (Tr. 20).

In a Disability Report dated November 27, 2002, Plaintiff reported that she made her bed, had no problem with personal care, walked around the apartment, and occasionally did some dusting. (Tr. 68-75). Plaintiff also reported that she left the apartment twice a week and used public transportation. (Tr. 71). In addition, Plaintiff reported to Dr. Rocker that she spent her time doing some chores. (Tr. 80).

The ALJ found that while Plaintiff was unable to perform her past relevant work, Plaintiff retained the ability to perform a full range of medium work, which includes the ability to perform light and sedentary work.[2] Given Plaintiff's RFC and vocational factors of age, education and past work experience, the ALJ found that Plaintiff was capable of performing other work existing in significant numbers in the national economy. Accordingly, the ALJ concluded that there was insufficient medical evidence to show that the Plaintiff was disabled under the meaning of the Act and thus not eligible for SSI benefits.

Plaintiff argues that: (1) the ALJ did not fully inform her of her right to counsel, and that the ALJ failed to observe the heightened duty to develop the record owed to unrepresented

---

[2] Medium work involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty-five pounds. 20 C.F.R. § 416.967(c). If an individual can do medium work, the Commissioner determines that she can also do sedentary and light work. *Id.*

3

claimants, and that (2) the ALJ improperly evaluated the credibility of Plaintiff's subjective complaints of pain.

## II.     Standard of Review for Disability Benefits.

This Court reviews the determination of the Commissioner to assess whether there is substantial evidence supporting the decision.  42 U.S.C. § 405(g); *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938); *Brown v. Bowen*, 845 F.2d 1211,1213 (3d Cir. 1988).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (D. Pa., 1999) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  If there is substantial evidence supporting the Commissioner's finding, this Court must uphold the decision even if this Court might have reasonably made a different finding based on the record.  *See Simmonds v. Hecker*, 807 F.2d 54, 58 (3d Cir. 1986).

## III.    Standard for Finding of Disability.

An individual may be entitled to Social Security Benefits upon a finding of disability by demonstrating that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  A disabling impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D).  An individual will be deemed to be disabled only if the impairment is so severe that she is not only unable to do her previous work, but cannot

considering her "age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner uses the following five-step analysis to determine whether an individual is disabled:

Step One: Substantial Gainful Activity. The Commissioner first considers whether the individual is presently engaged in substantial gainful activity. If so, the individual will be found not disabled without consideration of his medical condition. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

Step Two: Severe Impairment. If there is no substantial gainful activity, plaintiff must then demonstrate that she suffers from a severe impairment or combination of impairments that significantly limits his ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

Step 3: Listed Impairment. If plaintiff demonstrates a severe impairment, the Commissioner will then determine whether the impairment is listed in the regulations set forth at 20 C.F.R. Part 404, Subpt. P or is the equivalent of a Listed Impairment. If the individual has such an impairment, the Commissioner will find the individual disabled.

Step 4: Residual Functional Capacity. If the individual does not have a listed impairment, the fourth step is to determine whether, despite her impairment, the individual has the residual functional capacity to perform his past relevant work. Residual functional capacity is defined as what the claimant can still do despite her limitations. If she does have the capacity to perform past work, the individual will be found not disabled. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

Step 5: Other Work.  Finally, if the individual is unable to perform past work, the Commissioner then considers the individual's residual functional capacity, age, education and past work experience to determine if she is able to perform other work functions.  If she cannot do so, the individual will be found disabled.  20 C.F.R. §§ 404.1520(f) and 416.920(f).

The five-step analysis to determine whether an individual is disabled involves shifting burdens of proof.  *Wallace v. Secretary of Health and Human Services*, 722 F. 2d 1150, 1153 (3d Cir. 1983).  The claimant bears the burden of persuasion through the first four steps; however, if the analysis reaches the fifth step, the Commissioner bears the burden of proving that the claimant is capable of gainful employment other than his past relevant work and that jobs which the claimant can perform exist in substantial numbers in the national economy.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  If there is a finding of disability or non-disability at any point during the review, the Commissioner will not review the claim further. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

**IV.     Analysis.**

At Step 1, the ALJ determined that Plaintiff had not performed substantial gainful activity since her alleged onset date of June 1, 1995.  At Step 2, the ALJ determined that the record established the existence of a "severe" impairment involving arthralgias, myalgias of the right knee, foreleg and ankle.  At Step 3, the ALJ determined that Plaintiff's impairments did not meet or medically equal the Listing 1.02 or any other Listed Impairment.  At Step 4, the ALJ found Plaintiff unable to perform her past relevant work due to extensive walking and standing and the

heavy lifting requirements of her past position.[3]  Thus, at Step 5, the burden shifted to the Commissioner to show that other work existed in significant numbers in the national economy that Plaintiff could perform given her RFC, age, education and past work experience.

The ALJ concluded that Plaintiff retained the RFC for work which involved lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty-five pounds.  Thus, the ALJ determined that Plaintiff retained the ability to perform a full range of medium work, which includes the ability to perform light and sedentary work.  Though the ALJ found Plaintiff unable to perform her past relevant work, given Plaintiff's RFC and vocational factors of age, education and past work experience, the ALJ found that Plaintiff was capable of performing other work existing in significant numbers in the national economy.  Accordingly, the ALJ concluded that Plaintiff was not disabled as directed by Medical-Vocational Rules 203.18 and 203.11, and, thus, not eligible for SSI benefits.  20 C.F.R. Pt. 404, Subpt. P, App. 2.

Plaintiff argues that: (1) the ALJ did not fully inform her of her right to counsel, and that the ALJ failed to observe the heightened duty to develop the record owed to unrepresented claimants, and that (2) the ALJ improperly evaluated the credibility of Plaintiff's subjective complaints of pain.

**A.  The ALJ Properly Informed Plaintiff of Her Right to Representation**

Plaintiff contends that the ALJ did not fully inform her of her right to counsel.  However, the ALJ clearly discussed with Plaintiff her right to counsel and informed her that the hearing

---

[3] Plaintiff's past relevant work as a home attendant required lifting of up to 100 pounds or more.

would be postponed if Plaintiff wanted to obtain representation. (Tr. 111). Plaintiff affirmatively responded to the ALJ's question of whether Plaintiff remembered receiving a list of possible representatives, along with the Notice of Hearing. (Tr. 110). In addition, the ALJ explained to Plaintiff the services a representative might provide, and informed Plaintiff that there might be representatives that do not charge for their services. (Tr. 111). Nonetheless, Plaintiff chose to continue without counsel. (Tr. 111). "When the claimant has been informed of his right to counsel before an administrative hearing and knowingly waives it, his lack of representation is not, of itself, cause for remand." *Dobrowlsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979). In addition, Plaintiff fails to show how she was prejudiced by not having an attorney. "Lack of counsel is sufficient cause for remand only if supported by a showing of clear prejudice of unfairness at the administrative hearing." *Id.* There is no such showing in the record.

In addition, Plaintiff contends that the ALJ did not observe the heightened duty to develop the record owed to unrepresented claimants. *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980); *Dobrowlsky*, 606 F.2d at 407. This claim is without merit. The ALJ kept the record open after the October 13, 2004 hearing to allow Plaintiff to submit any additional records. (Tr. 20). The ALJ also issued post-hearing subpoenas to Harlem Hospital Center and Dr. Stuart Kitton, based on Plaintiff's testimony that she received treatment from these sources. (Tr. 91-7, 116, 120-4). Treatment records from Harlem Hospital regarding Plaintiff's February 2003 MRI were received and subsequently received by the ALJ. (Tr. 20, 99-107). Thus, the ALJ fulfilled her heightened duty owed to Plaintiff to develop the record.

**B. The ALJ Properly Evaluated the Credibility of Plaintiff's Subjective Complaints**

Furthermore, Plaintiff contends that the ALJ improperly evaluated the credibility of Plaintiff's subjective complaints of pain.[4]  Allegations of pain and other subjective symptoms must be supported by objective medical evidence.  *See* 20 C.F.R. § 404.1529.  If the claimant's symptoms suggest a greater restriction of function than can be demonstrated by objective medical evidence, consideration will also be given to such factors as daily activities, the nature of the pain or symptoms, the type, effectiveness and adverse side-effects of medication, treatment other than medication, and any other measures used to relieve pain or symptoms.  20 C.F.R. § 404.416(c)(3).  The ALJ must "determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it."  *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999); s*ee* 20 C.F.R. § 404.1529(c).  In *Hartranft*, the Third Circuit found that an ALJ's decision that a claimant could perform light work despite complaints of incapacitating pain was supported by substantial evidence.  181 F.3d at 362.  The Third Circuit based its decision on evidence that Hartranft's subjective complaints of pain were disputed by the objective medical evidence of record, Hartranft's treatment regime, and Hartranft's description of his daily living activities.  *Id.*

Here, Plaintiff's claim that she is not able to perform any work is disputed by: (1) the objective medical evidence of record, (2) Plaintiff's lack of medical treatment, including physical therapy, and (3) Plaintiff's reports of her daily living activities.  The objective medical evidence of record, including  the November 2002 State agency medical consultant's exam by Dr. Stephen

---

[4]Plaintiff also claims that the ALJ did not recite Plaintiff's subjective complaints.  However, in the ALJ's decision, the ALJ stated that "[t]he claimant's chief complaint was her impairment of the right lower extremity."  (Tr. 20).

9

Rocker and the January 2003 State agency medical consultant's assessment, does not support Plaintiff's contention that her medical conditions rendered her completely disabled. The objective medical evidence of record provides substantial evidence for the ALJ's conclusion that Plaintiff is able to perform a full range of medium work. In addition, Plaintiff's description of her daily living activities, as evident in her Disability Report and in Dr. Rocker's exam, also disputes Plaintiff's claim of total disability. The ALJ fully considered Plaintiff's subjective complaints of pain and determined that such claims were not fully credible. Thus, the ALJ properly found that Plaintiff's subjective complaints of pain were not entirely credible to the disabling extent alleged.

**V.**     **Conclusion.**

For the aforementioned reasons, and after a careful review of the record, the Court finds substantial evidence to support the ALJ's decision to deny Plaintiff SSI benefits. The ALJ carefully considered the record, including Plaintiff's testimony, and there is substantial evidence in support of the ALJ's decision that Plaintiff had the RFC to perform medium, light and sedentary work and that such jobs existed in the local and national economy. Accordingly, this Court will affirm his decision to deny Plaintiff SSI benefits.


/s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**